Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
tw@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff David Gentilcore,
and all others similarly situated

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DAVID GENTILCORE , an individual, on behalf of himself and all others similarly situated,

                    Plaintiff,

          v.

BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,

                    Defendant.

**Case No.**

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO REIMBURSE BUSINESS EXPENSES;**
2. **FAILURE TO PAY MINIMUM WAGES**
3. **FAILURE TO PAY OVERTIME WAGES**
4. **FAILURE TO PROVIDE MEAL BREAKS;**
5. **FAILURE TO PROVIDE REST BREAKS;**
6. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**
7. **FAILURE TO PAY ALL WAGES UPON SEPARATION; and**
8. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, *BUS. & PROF. CODE* §17200, *et seq.***

**DEMAND FOR JURY TRIAL**

Plaintiff David Gentilcore ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1.       This is a California state-wide class action for wage and labor violations arising out of, among other things, Defendant Bank of America, N.A.'s ("Defendant" or "BofA") failure to reimburse business expenses incurred by Plaintiff and class members while working from home during the coronavirus crisis.  In addition, Defendant instituted an unlawful pay plan for home mortgage loan personnel, whereby it advanced a base pay against commission, but clawed the advance back from the commissions.  Defendant failed and continues to fail to separately compensate Plaintiffs or class members for rest breaks, and fails to pay minimum and overtime wages as required, and engages in other Labor Code violations.

2.       Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties.

## PARTIES

3.       Plaintiff David Gentilcore was, at all relevant times, a resident and citizen of the State of California.  Plaintiff Gentilcore was employed by Defendant as a mortgage loan supervisor in the County of Sacramento, State of California, during the Class period as alleged herein.

4.       Defendant Bank of America, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of California, and is a citizen of North Carolina.

5.       Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and

1   capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges

2   that each of the fictitiously named Defendants is legally responsible in some manner for

3   the events and occurrences alleged herein, and for the damages suffered by the Class.

4       6.      Plaintiffs are informed and believe and thereon allege that all Defendants,

5   including the fictitious Doe Defendants, were at all relevant times acting as actual agents,

6   conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or

7   employees of all other Defendants, and that all acts alleged herein occurred within the

8   course and scope of said agency, employment, partnership, and joint venture, conspiracy

9   or enterprise, and with the express and/or implied permission, knowledge, consent

10  authorization and ratification of their co-Defendant; however, each of these allegations

11  are deemed "alternative" theories whenever not doing so would result in a contradiction

12  with other allegations.

13  ## JURISDICTION AND VENUE

14      7.      This Court has jurisdiction over the entire action by virtue of the fact that

15  this is a civil action wherein the matter in controversy, exclusive of interest and costs,

16  exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of

17  in this action took place in part in the State of California. At least one Defendant is a

18  citizen of a state outside of California, and federal diversity jurisdiction exists and/or

19  jurisdiction under the Class Action Fairness Act ("CAFA").  The class amount at issue

20  exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA.  Venue is

21  proper because this is a class action, the acts and/or omissions complained of took place,

22  in whole or in part within the venue of this Court.

23  ## FACTUAL ALLEGATIONS

24      8.      Plaintiff worked for Defendant in California within the liability period.

25      9.      Plaintiff and similarly situated employees of Defendants were subject to

26  common policies, practices and/or procedures regarding reimbursement of reasonable and

27  necessary expenses, including expenses incurred while employees worked from home

28  during coronavirus pandemic.  Following the outbreak of the coronavirus crisis, in or

about March 2020, Defendant had its employees, including Plaintiff, work from home. Plaintiff and similarly situated employees incurred reasonable and necessary business expenses, including expenses incurred while working from home during the coronavirus pandemic.  Defendant, however, failed to reimburse Plaintiff and the class for necessary business expenses incurred while working from home during the coronavirus outbreak. The business expenses Defendant failed to reimburse Plaintiff and other class members for during the coronavirus crisis include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office.  Defendant's failure to reimburse for these expenses violated California Labor Code § 2802.

10.     Plaintiff worked as a mortgage home loan salesperson and supervisor for Defendant home mortgage loan division.  Defendant paid Plaintiff and other home mortgage loan personnel based on a sales commission, where their income is derived from mortgage sales.  Defendant advanced Plaintiff and Class members a base pay against commission, but clawed the advance back from the commissions.  Under California law, the advances against commission was not compensation or a salary, but rather a loan.  As a result of Defendant's pay plan, Plaintiff and Class members were not paid minimum wage for certain non-sales tasks, not properly paid overtime, and were not provided or compensated for meal or rest breaks.

11.     Defendant's pay plan failed to compensate for non sales work.  Defendant failed to pay Plaintiff and Class members for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service.

12.     Plaintiff and the Class regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and class members regularly worked overtime that they was not compensated for.  Plaintiff is informed and believes, and on that basis alleges, that Defendant clawed back a portion of the overtime pay from commissions, and failed to pay overtime based on the regular rate of pay.  In violation of

**CLASS ACTION COMPLAINT**

Labor Code §510, Defendant failed to pay for overtime to its mortgage loan officers.

13.     Defendant did not provide and/or properly pay Plaintiff or the Class for meal or rest breaks.  Defendant failed to pay Plaintiff and class members based on their regular rate of compensation under Labor Code §226.7(c) for missed meal and rest breaks.   In violation of Labor Code §226.7, Defendant also did not compensate Plaintiff and the Class for rest breaks because Defendant paid on a commission basis for sales work, and failed to separately pay Plaintiffs and Class members for rest breaks.

14.     In violation of Labor Code § 226(a), Defendants have issued false and inaccurate wage statements which fail to account for all Plaintiff and other non-exempt employees' wages earned, including minimum wage, overtime and premium pay for missed meal or rest breaks, and/or failed to accurately reflect reimbursement for business expenses.

15.     Defendant's conduct violated, among other statutes, Labor Code §§ 201, 202, 203, 204, 218.5 226, 226.3, 226.7, 510, 512, 1194, as well as IWC Wage Order No. 4-2001.

16.     Plaintiff is a member of and seeks to be the representative for the group of employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

17.     Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Classes defined as follows:

**EXPENSE REIMBURSEMENT CLASS**:  All current or former employees of Defendant who worked in California in any exempt or nonexempt capacity, who incurred business expenses as a result of their performance of duties for Defendant while working from home during the coronavirus crisis, at any time beginning March 1, 2020 through the date notice is mailed to the Class.

**MORTGAGE LOAN CLASS**:  All current or former employees of Defendant who worked in California as mortgage loan officer, salesperson, supervisor or similar position, and were paid an advance against commission, at anytime beginning four years prior to the filing of this complaint through the date notice is mailed to the Class.

18.    Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

19.    This action has been brought and may be properly maintained as a class action, as follows:

20.    **Numerosity of the Class:**  Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

21.    **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a.  Whether Defendant violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home during the coronavirus crisis.

    b.  Whether Defendant misclassified mortgage loan supervisors as exempt.

    c.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 1194 by failing provide or pay minimum wage to its mortgage loan supervisors for non-sales time.

    d.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 510 by failing provide or pay overtime to mortgage loan supervisors.

    e.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing provide or pay for meal breaks.

    f.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing provide or pay for rest breaks.

g.   Whether Defendant engaged in unlawful, unfair, or fraudulent practices and violated California Business and Professions Code § 17200 by failing to reimburse for business expenses, and misclassifying Treasury Service Associates as exempt.

h.   The nature and extent of class-wide injury and measure of damages.

22.   **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff worked during the coronavirus crisis from home, without getting reimbursed for business expenses, and was employed as a mortgage loan officer, was not reimbursed business expenses during the coronavirus, was paid on a commission basis, and was misclassified as exempt based on the outside salesperson exemption by Defendant.  Thus, Plaintiff was exposed and subjected to the same unlawful business practices as each Class member during the liability period. Plaintiff and the members of the classes she seeks to represent sustained the same types of damages and losses.

23.   **Adequacy:** Plaintiff is an adequate representatives of the Class he seeks to represent because his interests do not conflict with the interests of the members of the Class Plaintiffs seek to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

24.   **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices.  The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if

7

**CLASS ACTION COMPLAINT**

members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

25. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**(Violation of Labor Code § 2802)**
**(Against All Defendants)**

26. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

27. This cause of action is brought on behalf of the Expense Reimbursement Class.

28. California Labor Code§ 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of

obeying the directions, believed them to be unlawful."

29.    During the applicable statutory period, Plaintiff and the Class members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants.  These business expenses which Plaintiff and class members incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office. Defendants did not reimburse these expenditures or losses to Plaintiff and the Expense Reimbursement Class.

30.    Defendants has failed to fully reimburse Plaintiff and the members of the Business Expense Reimbursement Class for necessary business-related expenses and losses.  Thus, all employees who worked for Defendant from home in California in any position or capacity suffered losses from Defendant's failure to reimburse business expenses, and are part of the Expense Reimbursement Class.

31.    Plaintiff and the Expense Reimbursement Class members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

<u>**SECOND CAUSE OF ACTION**</u>
**FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 4-2001, §4)**
**(Against All Defendants)**

32.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

33.    This cause of action is brought on behalf of the Mortgage Loan Class.

34.    Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

35.    Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation        applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

36.     Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

37.     Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

38.     Plaintiff and Class members were required to work non-selling time, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, including but not limited to, meetings, loan processing, supervising, training, loan tracking, and/or customer service.

39.     At all times relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

40.     For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.  Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

41.     At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

**CLASS ACTION COMPLAINT**

42.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated loan supervisors, and Defendants has done so continuously throughout the filing of this complaint.

43.     As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Mortgage Loan Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution.  Plaintiff, on behalf of himself and on behalf of the Mortgage Loan Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

44.     Plaintiff and the Mortgage Loan Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES
### (Violation of *Labor Code* §§ 510 and 1194; Wage Order No. 4-2001, § 3(A))

45.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

46.     This cause of action is brought on behalf of the Mortgage Loan Class.

47.     California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee…."

48.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum

11

**CLASS ACTION COMPLAINT**

wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

49.     Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

50.     At all times relevant hereto, Plaintiff and members of the Mortgage Loan Class were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 4-2001.  In addition, during the Class period, Plaintiffs and other members of the Class consistently worked ten (10) hours or more per day, and 50 hours or more per week.

51.     Plaintiff and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial, as well as attorney's fees and costs.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 4-2001, § 11)
### (Against All Defendants)

52.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

53.     This cause of action is brought on behalf of the Mortgage Loan Class.

54.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

55.     IWC Order No. 4-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual

consent of the employer and the employee."

56. Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

57. As alleged herein, Defendants failed to authorize and permit uninterrupted meal breaks. Plaintiff and members of the Class were routinely required to work without an uninterrupted meal break at the direction of Defendants and/or with Defendants' knowledge and acquiescence. Defendant also failed to pay Plaintiff and class members based on their regular rate of compensation under Labor Code §226.7(c) for missed meal breaks.

58. By failing to provide for meal periods, requiring its employees to work through meal periods and/or its failing to relieve employees of their duties for meal periods, Defendant have violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 4-2001, and is liable to Plaintiff and the Loan Officer class.

59. As a result of the unlawful acts of Defendants, Plaintiff and the Mortgage Loan Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its drivers with timely statutory off-duty meal periods.

**CLASS ACTION COMPLAINT**

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAKS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)**

60.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

61.     This cause of action is brought on behalf of the Mortgage Loan Class.

62.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

63.     IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

64.     IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

65.     As alleged herein, Defendant failed to provide or pay rest breaks during the Mortgage Loan Class period. Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for their time.  Defendant failed to pay Plaintiff and class members based on their regular rate of compensation under Labor Code §226.7(c) for missed rest breaks.

66.     By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Loan Officer Class.

67.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

68.     As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Mortgage Loan Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

## SIXTH CAUSE OF ACTION
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**

69.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

70.     This cause of action is brought on behalf of the Expense Reimbursement Class and the Mortgage Loan Class.

71.     California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number,

15

except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

72.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

73.    Plaintiff is informed, believe and thereon alleges that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff, the Expense Reimbursement Class and the Mortgage Loan Class with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unreimbursed business expenses, unpaid wages, and missed meal and rest periods, were not included in gross wages earned by Plaintiff and the Class.

74.    Defendants' failure to provide Plaintiff and members of the Expense Reimbursement Class and the Mortgage Loan Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay.

75.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Expense Reimbursement Class and the Mortgage Loan Class in violation of Labor Code  § 226(a), Plaintiff and the members of each Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

**CLASS ACTION COMPLAINT**

## **SEVENTH CAUSE OF ACTION**
### **FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
### **(Violation of Labor Code § 203)**

76.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

77.    This cause of action is brought on behalf of the Expense Reimbursement Class and the Mortgage Loan Class, who have separated from employment with Defendant.

78.    California Labor Code §§ 201 and 202  requires Defendant to pay all compensation due and owing to former mortgage salespersons at or around the time employment is terminated.  Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

79.    At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendant covered by Labor Code § 203.

80.    Plaintiff and the Expense Reimbursement Class and the Mortgage Loan Class were not paid for their work performed, as set forth herein, including minimum wage for non-sales time, overtime pay, vacation pay, or their proper commission for certain loans.

81.    Defendant willfully failed to pay Plaintiff and other members of the Expense Reimbursement Class and the Mortgage Loan Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and for other items alleged herein upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.  As a result, Defendant is liable to Plaintiff and other members of the Expense Reimbursement Class and the Mortgage Loan Class who are no longer employed by Defendant for all wages or compensation owed, as well as waiting time penalties amounting to thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

### EIGHTH CAUSE OF ACTION
## FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
**(Violation of Labor Code §§ 226 and 226.3)**

82.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

83.    This cause of action is brought on behalf of the Expense Reimbursement Class and the Mortgage Loan Class.

84.    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

85.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL.  Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

86.    Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein.  Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation for unreimbursed business expenses, minimum wage, overtime, and meal or rest breaks, as alleged herein.  Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about compensation for Class members.

87.    Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

88.    Plaintiff and the Expense Reimbursement Class and the Mortgage Loan Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

### PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A.  An order that this action may proceed and be maintained as a class action;

B.  For reimbursement of business expenses under Labor Code § 2802 for

Plaintiff and all members of the Expense Reimbursement Class;

C.  For all unpaid minimum wages and liquidated damages due to Plaintiff and each Mortgage Loan Class member on their minimum wage claim;

D.  For all unpaid overtime wages and liquidated damages under California law due to Plaintiff and each Mortgage Loan Class member on their overtime wage claim;

E.  For one hour of wages due to Plaintiff and each Mortgage Loan Class member at their regular rate of compensation for each meal break violations;

F.  For one hour of wages due to Plaintiff and each Mortgage Loan Class member at their regular rate of compensation for each rest break violations;

G.  For statutory penalties under Labor Code § 226(e) for Plaintiff and each Expense Reimbursement Class or Mortgage Loan Class member;

H.  An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Expense Reimbursement Class or Mortgage Loan Class;

I.  For damages and/or penalties under Labor Code Sections 201, 202, and 203 for the failure to provide all wages due at separation;

J.  For restitutionary disgorgement pursuant to the UCL;

K.  An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.;*

L.  Prejudgment interest at the maximum legal rate;

M.  For reasonable attorneys' fees and costs under Labor Code §§ 218.5, 226(e)(1) and/or Code of Civil Procedure §1021.5;

N.  Accounting of Defendants' records for the liability period;

O.  General, special and consequential damages, to the extent allowed by law;

///
///

P.  Costs of suit; and

Q.  Such other relief as the Court may deem just and proper.

DATED:  July 14, 2021                    **HAFFNER LAW PC**

                              By:     /s/ Joshua H. Haffner
                                      Joshua H. Haffner
                                      Attorneys for Plaintiff and others
                                      Similarly Situated

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED:  July 14, 2021                    **HAFFNER LAW PC**


By:     /s/ Joshua H. Haffner
        Joshua H. Haffner
        Attorneys for Plaintiff and others
        Similarly situated

**CLASS ACTION COMPLAINT**